UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JONES, SFNO No. 667542,

                Plaintiff,

        v.

SAN FRANCISCO SHERIFF'S DEP'T, et al.,

                Defendant(s).

Case No. 25-cv-09525-CRB  (PR)

**ORDER OF SERVICE**

Plaintiff, a pretrial detainee at the San Francisco County Jail (SFCJ), filed a pro se complaint under 42 U.S.C. § 1983 seeking damages from the San Francisco Sheriff's Department based on allegations that he was left in a holding cell with other inmates awaiting booking for two days, having to sleep "with no blanket on a concrete bench" and being exposed to other inmates coughing "without being given a mask." ECF No. 1 (Compl.) at 3.  As a result, plaintiff claims he "bruised" his hip, his "P.T.S.D. symptoms became worse" and he got "Covid 19." Id.

The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend to set forth specific facts sufficient to state a viable due process failure-to-protect claim under Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc), and to name and link defendant(s) with plaintiff's allegations of wrongdoing "so as to show how each defendant actually and proximately caused the deprivation of plaintiff's due process rights." ECF No. 4 (Feb. 5, 2026, Order) at 2-3.  The court advised plaintiff that a local government agency or department may be subject to liability under § 1983 "only where official policy or custom causes the constitutional violation of which plaintiff complains." Id. at 3 (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978)).

Plaintiff filed a timely pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging that San Francisco Sheriff's Department failed to protect him from its policy of placing

United States District Court
Northern District of California

inmates "in a concrete [holding] cell with nowhere to sleep" despite knowing that "I am legally disabled." ECF No. 6 (FAC) at 3. And SFCJ Captain Jamala Sanford failed to protect him by allowing him to be left in the concrete holding cell with other inmates "for over 24 hours, closer to 48," without a mask or other protection and he contracted COVID-19 and suffered a thigh injury. Id. Liberally construed, plaintiff's allegations appear to state arguably cognizable failure-to-protect due process claims against the San Francisco Sheriff's Department and SFCJ Captain Jamala Sanford and will be ordered served. See Castro, 833 F.3d at 1071.

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons, and the United States Marshal shall serve, without prepayment of fees, (1) a copy of the original and amended complaint in this matter (ECF Nos. 1 & 6) and all attachments thereto, and (2) a copy of this order on defendants San Francisco Sheriff's Department and SFCJ Captain Jamala Sanford at City Hall, Room 200, 1 Dr. Carlton B. Goodlett Place, SF, CA 94102. The clerk shall also serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to

United States District Court
Northern District of California

2

dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.    Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents –

United States District Court
Northern District of California

3

documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

d.     Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e.     The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.     All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated:  June 17, 2026

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

4